UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.    8:18-mj-1448-T-SPF

TERELL COVINGTON

_____/

## ORDER

This cause comes before the Court upon the entry of an Order to Show Cause (Doc. 15) and the United States' subsequent Motion to Dismiss the Complaint Without Prejudice ("Motion to Dismiss") (Doc. 18).    The parties appeared before the Court for a hearing held on February 25, 2019.    At the conclusion of the hearing, the Court granted the United States' Motion to Dismiss.

## PROCEDURAL HISTORY

On May 10, 2018, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") arrested the defendant, Terell Covington ("Defendant"), on the Complaint charging him with obstructing, delaying, or affecting interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"). (Docs. 1 and 7).    Subsequently, on June 5, 2018, Defendant executed and filed a Waiver of Right to Speedy Indictment wherein he agreed to toll the running of the speedy indictment clock through and including August 31, 2018. (Doc. 9).    On June 6, 2018, the United States filed an unopposed motion under seal for the Court to decide whether the "ends of justice" warranted tolling the speedy indictment clock. (Doc. S-10).    On June 7, 2018, United States Magistrate Judge Mark A.

Pizzo granted the United States' motion and ordered "the period of time between June 5, 2018 and August 31, 2018 shall be deemed excludable under the Act." (Doc. S-11). The United States never charged Defendant by indictment or information. On February 20, 2019, the Court entered an Order to Show Cause directing the United States to show cause why the Complaint should not be dismissed. (Doc. 15). On February 25, 2019, the United States filed its Motion to Dismiss, and the parties appeared before the Court for a hearing later that day.

## DISCUSSION

The Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.*, (the "Act") sets forth the statutory time limits for a criminal case to be prosecuted from arrest to trial. If a defendant is neither indicted nor charged in an information within 30 days from the arrest, unless extended by 18 U.S.C. § 3161(h), the complaint "***shall be dismissed*** or otherwise dropped." 18 U.S.C. § 3162(a)(1) (emphasis added). Under the Act, the period is extended when a judge grants a continuance on the basis that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Judge Pizzo granted such a continuance when he ordered "the period of time between June 5, 2018 and August 31, 2018 shall be deemed excludable under the Act." (Doc. S-11).

In its Motion to Dismiss, the United States acknowledges[1] that "it is indisputable

---

[1] While there had been some suggestion that the Defendant implicitly consented to the full delay or waived the speedy indictment requirement altogether, it is worth noting that requirements under the Act cannot be disregarded because of a defendant's consent or waiver. "If the Act were designed solely to protect a defendant's right to a speedy trial, it would make sense to allow a defendant to waive the application of the Act. But the Act was designed with the public interest firmly in mind." *Zedner v. United States*, 547 U.S. 489, 500–01 (2006).

that the government failed to meet its deadline for indicting the defendant." (Doc. 18 at 6).

After excluding the appropriate time under the Act, the United States calculates that the

deadline for it to indict Defendant was September 4, 2018.[2] (Doc. 16 at 8).

Because the Court finds that the United States exceeded the maximum 30 day delay

for bringing an indictment, dismissal is the only available remedy. *See United States v.*

*Mathurin*, 690 F.3d 1236, 1243 (11th Cir. 2012). While "[t]he sanction for a violation of

the Act is dismissal," the court must determine whether the dismissal should be with or

without prejudice. *Zedner*, 547 U.S. at 509. As the Supreme Court clarified, there is no

preference for one type of dismissal over the other. *United States v. Taylor*, 487 U.S. 326, 335

(1988); *United States v. Brown*, 183 F.3d 1306, 1310 (11th Cir. 1999). "In determining

whether to dismiss the case with or without prejudice, the court shall consider, among

others, each of the following factors: the seriousness of the offense; the facts and

circumstances of the case which led to the dismissal; and the impact of a reprosecution on

the administration of this chapter and on the administration of justice." 18 U.S.C. §

3162(a)(2).

## I. Seriousness of the Offense

The Complaint charged Defendant with committing three armed robberies in which

he brandished a firearm and stole money from stores by threatening employees with bodily

harm if they did not submit to his demands. (Doc. 1). As Defendant conceded, armed

robbery is a serious crime. *See, e.g.*, *United States v. Wilson*, 633 F. App'x 750, 753–54 (11th

---

[2] The Court's calculation of the deadline differed slightly. Either way, there is no doubt the
United States violated the speedy indictment provision of the Act.

Cir. 2015) (finding that the district court reasonably concluded that the charged crimes were "incredibly serious" because armed robbery of a suspected drug dealer is an inherently violent offense); *United States v. Branham*, 285 F. App'x 642, 644 (11th Cir. 2008) (finding the bank robbery offenses were serious in nature for purposes of section 3162(a)). Each armed robbery carries a maximum penalty of 20 years in prison. 18 U.S.C. § 1951(a). Combined, the three charges carry the possibility of a maximum penalty of 60 years in prison if the sentencing judge imposes consecutive sentences. Therefore, the Court finds the seriousness of charged crimes weighs in favor of dismissal without prejudice.

## II. Facts and Circumstances That Led to the Dismissal

The record reveals that the failure to timely file an indictment was not intentional, but even mere "inadvertence does not automatically call for dismissal without prejudice." *United States v. Williams*, 314 F.3d 551, 559 (11th Cir. 2002). The United States and Defendant were exploring the possibility of Defendant cooperating in exchange for a lesser sentence. Defendant made a proffer that the United States believed was insufficient. Thereafter, the parties had discussions about the sufficiency of Defendant's proffer and whether Defendant would provide additional information. The Court finds credible the United States' assertion that it "repeatedly delayed indictment to give the defendant additional opportunities to cooperate fully and thus avoid an indictment that would likely result in him being imprisoned for the rest of his life." (Doc. 18 at 8). Defendant concedes that the United States did not create the delay in order to gain a strategic or tactical advantage in the litigation.

The Court also finds that Defendant benefited from the delay. Defendant admitted

4

that the parties were working to resolve the case on terms more favorable to the Defendant. In addition, Defendant's counsel calculated that the "outside timeframe for the State of Florida to file state charges would expire on March 3, 2019." (Doc. 17 at 6). Defendant contributed to the delay by making the strategic decision to wait to file a motion to dismiss in order to avoid being exposed to state prosecution on the same charges. (Doc. 17 at 6).

Under the facts and circumstances of this case, the Court finds that the United States did not delay in bringing an indictment for any tactical advantage or other improper purpose, but rather that it was "motivated by mercy." (Doc. 18 at 9). The delay was a result of a good faith effort by the parties to attempt to resolve this matter short of trial. Therefore, the second factor weighs in favor of dismissal without prejudice.[3]

### III. Impact of Reprosecution

The third factor, the impact of a reprosecution on the administration of justice and the Speedy Trial Act, weighs in favor of a dismissal with prejudice. This factor provides the Court with "authority for considering such aggravating and mitigating factors as the length of the delay and the prejudice to the defendant." *Williams*, 314 F.3d at 560. The Eleventh Circuit has not addressed whether a delay of nearly six months would require a complaint to be dismissed with prejudice. The Tenth Circuit, however, has held that a speedy-indictment violation of almost six months is not enough, by itself, to compel dismissal with prejudice. *Id.* (citing *United States v. Saltzman*, 984 F.2d 1087 (10th Cir. 1993)). Nevertheless, the delay was certainly lengthy and did prejudice Defendant to an

---

[3] In reaching this conclusion, the Court took into consideration that "one of the primary objectives of the Act is to protect society's interest in speedy disposition of criminal cases [and that] interest was not served" in this case. *Williams*, 314 F.3d at 559.

extent.    As a result, the third factor weighs in favor of dismissal with prejudice.

After balancing the statutory factors, however, the Court finds that the Complaint should be dismissed without prejudice.    The seriousness of the charges outweighs the severity of the speedy-indictment violation, especially in light of the facts and circumstances which led to the delay.    Accordingly, it is hereby

ORDERED:

1.  The Order to Show Cause (Doc. 15) is DISCHARGED.

2.  The United States' Motion to Dismiss Without Prejudice (Doc. 18) is

    GRANTED.

3. The Clerk of Court is directed to terminate all pending motions and close the case.

**DONE AND ORDERED** in Tampa, Florida on March 1, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE